# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CELEBRATION IP LLC,** Plaintiff, v. **BYD ELECTRONIC AMERICA CORP.,** Defendant. | Case No. 1:20-cv-7014 Patent Case Jury Trial Demanded |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant BYD Electronic America Corp. ("BYD Electronic" or "Defendant"), by and through its undersigned counsel, hereby responds to the Original Complaint for Patent Infringement ("Complaint") filed by Plaintiff Celebration IP LLC ("Celebration" or "Plaintiff") and states its Answer and affirmative defenses as follows. Defendant denies all allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs, in which responses corresponding to each numbered paragraph in the Complaint are provided.

### THE PARTIES

1. Plaintiff Celebration IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste 149 – 1091, Plano, TX 75093-8121.

**RESPONSE:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

2. Defendant BYD Electronic America Corp. is a corporation organized and existing under the laws of Illinois that maintains an established place of business at 1800 S. Figueroa St., Los Angeles, CA 90015.

**RESPONSE:** Defendant admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**RESPONSE:** Defendant admits that the Complaint purports to state a claim for patent infringement arising under Title 35 of the United States Code. Defendant denies any other allegations in Paragraph 3 of the Complaint.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:** Defendant admits that this Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies any other allegations in Paragraph 4 of the Complaint.

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**RESPONSE:** Defendant does not contest that this Court has personal jurisdiction over it for purposes of this action only. Defendant admits that it was incorporated in the State of Illinois. Defendant denies that is has committed acts of patent infringement in this District or any judicial district. Defendant denies any other allegations in Paragraph 5 of the Complaint.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District's state.

**RESPONSE:** Defendant does not contest that venue in this District is proper under 28 U.S.C. § 1400(b), but denies that this judicial district is the most convenient forum for this action. Defendant denies that it has committed acts of patent infringement in this District or any judicial district. Defendant denies any other allegations in Paragraph 6 of the Complaint.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,346,795 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

**RESPONSE:** To the extent that the allegations of Paragraph 7 of the Complaint set forth legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis denies them.

## THE '795 PATENT

8. The '795 Patent is entitled "Discharge control circuit of batteries," and issued 02/12/2002. The application leading to the '795 Patent was filed on 01/26/2001. A true and correct copy of the '795 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**RESPONSE:** Defendant admits that a document purporting to be U.S. Pat. No. 6,346,795 was attached as Exhibit 1 to the Complaint. Defendant further admits that the front page of Exhibit 1 lists a U.S. filing date of January 26, 2001 and an issue date of February 12, 2002. Defendant denies any other allegations in Paragraph 8 of the Complaint.

9. The '795 Patent is valid and enforceable.

**RESPONSE:** Defendant denies the allegations of Paragraph 9 of the Complaint.

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '795 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

**RESPONSE:** No response is required to Plaintiff's incorporation by reference of its previous allegations. To the extent a response is required, Defendant repeats and incorporates by reference its responses to Paragraphs 1-9, as set forth above.

11. **[Alleged] Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '795 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '795 Patent also identified in the charts incorporated into this Count below (the "Exemplary '795 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '795 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**RESPONSE:** Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '795 Patent Claims, by having its employees internally test and use these Exemplary Products.

**RESPONSE:** Defendant denies the allegations in Paragraph 12 of the Complaint.

13. **[Alleged] Actual Knowledge of Infringement.** The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

**RESPONSE:** To the extent Paragraph 13 of the Complaint sets forth a legal conclusion, no response is required. Defendant denies that it has committed patent infringement. Defendant denies any other allegations in Paragraph 13 of the Complaint.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '795 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '795 Patent. *See* Exhibit 2 (described below).

**RESPONSE:** Defendant denies the allegations in Paragraph 14 of the Complaint.

15. **[Alleged] Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '795 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '795 Patent.

**RESPONSE:** Defendant denies the allegations in Paragraph 15 of the Complaint.

16. **[Alleged] Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues materially contribute *[sic]* to their own customers *[sic]* infringement of the '795 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a matter that infringes one or more claims of the '795 Patent. The Exemplary Defendant Products are especially made or adapted for infringing the '795 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '795 Patent.

**RESPONSE:** Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Exhibit 2 includes charts comparing the Exemplary '795 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '795 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '795 Patent Claims.

**RESPONSE:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

**RESPONSE:** Paragraph 18 of the Complaint sets forth a legal conclusion, no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 18, including those in Exhibit 2 to the Complaint.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendants *[sic]* infringement.

**RESPONSE:** Defendant denies the allegations in Paragraph 19 of the Complaint.

## RESPONSE TO JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**RESPONSE:** No response is required to Plaintiff's demand for a jury trial. Defendant similarly demands a trial by jury.

## RESPONSE TO PRAYER FOR RELIEF

21. Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant, whether sought in the Prayer for Relief or otherwise. Defendant further denies that Plaintiff has any valid claim pursuant to 35 U.S.C. § 271, *et seq.*, and that it has violated any of the patent laws of the United States with respect to the patent-in-suit. Plaintiff's Prayer for Relief should therefore be denied in its entirety and with prejudice, and Plaintiff should take nothing from Defendant.

## DEFENSES AND AFFIRMATIVE DEFENSES

22. Defendant alleges and asserts the following defenses and affirmative defenses in response to the allegations in the Complaint. Regardless of how such defenses are listed herein, Defendant undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, Defendant reserves all rights to amend or supplement these defenses as additional facts become known.

### First Defense – Failure to State a Claim

23. The Complaint fails to state a claim against Defendant upon which relief can be granted.

### Second Defense – Invalidity/Ineligibility of the Patent-in-Suit

24. At least the asserted claims of the patent-in-suit are invalid, unenforceable or ineligible for patenting pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity.

### Third Defense – Non-Infringement

25. Defendant does not infringe and has not infringed, directly, jointly, contributorily, or by inducement, any valid or enforceable claim of the patent-in-suit, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### Fourth Defense – Statutory Limitations on Damages

26. Plaintiff's claims for damages are limited pursuant to the statutory limitations on damages set forth in 35 U.S.C. §§ 286, 287, and/or 288.

### Fifth Defense – 28 U.S.C. § 1498

27. To the extent that any accused products have been used or manufactured by or for the United States Government, Plaintiff's claims and requests for relief are barred by or subject to limitations pursuant to 28 U.S.C. § 1498.

### Sixth Defense – Lack of Standing

28. To the extent Plaintiff and/or any predecessors-in-interest lacked ownership of the asserted patents and/or all substantial rights to the asserted patents at any relevant time during this lawsuit and/or at the time the patents purportedly were assigned, Plaintiff lacks standing to bring this action. Plaintiff also lacks standing based on lack of injury in fact because it has not alleged nor supported its allegations in a manner supported by constitutional requirements.

### Seventh Defense – Failure to Mark or Provide Notice

29. Plaintiff's claims for damages are barred and/or limited, in whole or in part, because Plaintiff, its predecessors-in-interest, and/or their licensees failed to give notice of any products that purport to practice the patent-in-suit by marking such products or otherwise notifying Defendant of the alleged infringement as required by 35 U.S.C. § 287.

### Eighth Defense – Prosecution History Estoppel and Disclaimer

30. Plaintiff's claims are barred by the doctrine of prosecution history estoppel and prosecution disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers and/or disavowals made during the prosecution of the patent-in-suit and any related patents.

### Ninth Defense – License

31. Plaintiff's claims against Defendant for recovery are barred in whole or in part by express or implied license.

### Tenth Defense – Patent Exhaustion

32. Plaintiff's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

### Eleventh Defense – Waiver, Estoppel, Claim Preclusion, Unclean Hands

33. Plaintiff's claims against Defendant regarding the asserted patents are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, claim preclusion, and/or unclean hands.

### Reservation of Additional Defenses

34. Defendant's investigation of this matter is ongoing. Defendant reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Dated: January 27, 2021 Respectfully submitted,

                                        By: */s/ Chris J. Chasin*
Chris J. Chasin
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Phone: 312-499-6769
Fax: 312-277-6419
Email: cjchasin@duanemorris.com

**COUNSEL FOR DEFENDANT BYD ELECTRONIC AMERICA CORP.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 27, 2021 they caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

                                        */s/Chris J. Chasin*

Chris J. Chasin
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Phone: 312-499-6769
Fax: 312-277-6419
Email: cjchasin@duanemorris.com